UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERTHA E. KING,

    Plaintiff,                                   CIVIL ACTION NO. 08-11664

v.                                          DISTRICT JUDGE ARTHUR J. TARNOW
                                              MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: Plaintiff's Motion for Summary Judgment should be DENIED, but the case REMANDED to the Commissioner for further proceedings, to include vocational expert testimony, in order determine whether alternative jobs existed in the national economy that claimant could perform since May 2004.

\*   \*   \*

      Plaintiff filed an application for Social Security disability income benefits on February 10, 2005, alleging that she had been disabled and unable to work on May 1, 2004, due to congestive heart disease, degenerative arthritis, hypertension and bronchitis. Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested <u>de novo</u> hearing was held on October 24, 2006, before Administrative Law Judge (ALJ) Melvyn Kalt. The ALJ found that the claimant was not entitled to disability benefits because she remained capable of returning to her past sedentary work as a teacher. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.

      Plaintiff filed a Motion for Summary Judgment seeking reversal of the Commissioner's final decision denying disability benefits. Alternatively, Plaintiff requested a remand for

further administrative proceedings, asserting that the ALJ had mistakenly found that she could return to her past work as a teacher. Plaintiff stated that she did not work as a teacher until September 2005, more than one year after her alleged onset date of disability. Plaintiff argued that she had only worked part-time as a teacher, and that the job should not have been included as substantial gainful activity performed within 15 years of her alleged onset date of disability.

The Commissioner filed an Ex-parte Motion to Remand on November 4, 2008, acknowledging that the ALJ had committed reversible error by including her part-time teaching position when assessing her past relevant work. The Commissioner maintained that the instant case should be remanded to the Commissioner for further proceedings, to include vocational expert testimony, as to whether alternative jobs accommodating Plaintiff's limitations existed in the national economy since May 2004. Claimant has not filed a response to the Commissioner's Motion to Remand to date.

Plaintiff was 63 years old at the time of the administrative hearing, She had been graduated from high school, and had been employed as a licensed practical nurse (LPN) (TR 55-64). As a nurse for a health maintenance organization, Plaintiff stood for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 25 pounds on a regular basis (TR 71-78).

The claimant testified that she stopped working as a LPN in May 2004, due to cardiomyopathy, diminished heart function, breathing difficulties and arthritic joint pain (TR 56, 375-376). Plaintiff stated that she was unable to return to her past nursing duties because of an inability to do any lifting, pushing of carts or prolonged standing (TR 387). At the time of the hearing, the claimant was working as a part-time teacher instructing students who wished to become nursing assistants. She took the job in September 2005,

in order to obtain health insurance for herself until she became eligible for Medicare (TR 385-386).

## LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff had been impaired during the relevant period as a result of cardiomyopathy and a torn right shoulder rotator cuff, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's heart and shoulder impairments prevented her from frequently climbing, balancing, stooping, kneeling, crouching or crawling. Since Plaintiff's past job as a teacher was not precluded by these limitations, the ALJ found that she remained able perform her past relevant work.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence

also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

If the Commissioner's decision is not supported by substantial evidence, the court can reverse the decision and award benefits, but only if (1) there is an adequate record, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985); (2) there are no unresolved, essential factual issues, Faucher v. Secretary, 17 F.3d 171, 176 (6th Cir. 1994); and (3) the record "compels" the conclusion that a plaintiff has established legal entitlements to benefits. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992)(emphasis in original). If these conditions are not met, the court may not award benefits and must remand the case under sentence four of 42 U.S.C. § 405(g)[1] for additional fact finding.

DISCUSSION AND ANALYSIS

The Commissioner employs a five step sequential evaluation process to determine disability. If the Commissioner finds claimant to be disabled or not disabled at any point in the review, no further determination is required. 20 C.F.R. § 404.1520(a) (2008). Under this analysis, the Commissioner must determine whether a claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment or combination of impairments, (3) meets or equals an impairment listed in the appropriate appendix, (4) is prevented by her impairment or combination of impairments from engaging in her relevant past employment, or (5) has

---

[1]Sentence four of 42 U.S.C. 405(g) states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

**4**

the ability to engage in other gainful activity considering her age, education, past relevant experience, and residual functional capacity.

In the instant case, the Law Judge terminated the sequential evaluation process at step four when he found that Plaintiff's impairments did not prevent her from engaging in her past relevant work as a teacher (Finding 6, TR 29). Since the claimant was working as a teacher at the time of the administrative hearing, the ALJ initially had to determine whether such work constituted substantial gainful activity (SGA) that would automatically disqualify her for disability benefits at step one of the sequential evaluation process. See 20 C.F.R. § 404.1520(a)(4)(i)(2008)("At the first step, we will consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.").

The ALJ found that the teaching position was "either at SGA level or close to it." (Finding 2, TR 25). By proceeding to step four, however, the ALJ inconsistently found that the Plaintiff's work as a teacher was not SGA. Otherwise, the ALJ would have rejected the application for disability benefits at step one, finding that she was currently working as a teacher, and would not have continued the sequential evaluation process. The Commissioner acknowledges that the ALJ erred by making inconsistent findings at steps one and four of the evaluation.

The fourth step in the sequential disability evaluation process is a determination of whether the claimant can perform her past work held within the past fifteen years. 20 C.F.R. § 404.1565 (2008). The 15-year guide is intended to insure that remote work experience is not considered, since a gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in that job continue to apply. 20 C.F.R. § 404.1565(a) (2008). There is no evidence in the record that Plaintiff worked as a teacher prior to her alleged onset date of disability. Claimant's only job during the 15 year

5

relevant period was her work as a LPN, which the ALJ found she was no longer capable of performing.

The Court has the power to affirm, modify, reverse or remand an action after acquiring subject matter jurisdiction to review a final decision of the Commissioner. 42 U.S.C. § 405(g) (1982). This statute authorizes the Court to remand the case for additional administrative action where, as here, there is a reasonable probability that the Commissioner might reach a different disposition of the disability claim. See Carroll v. Califano, 619 F.2d 1157, 1162 (6th Cir. 1980). Because claimant suffers from severe impairments which prevent her from performing her past relevant work as an LPN, the ALJ was required to continue the five step sequential evaluation process to determine the extent of her disability. The record is not adequate to compel the conclusion that Plaintiff has established her entitlement to benefits[2]. Therefore, I am persuaded that the instant case should be remanded to the Commissioner for further proceedings, to include vocational expert testimony, as to whether alternative jobs accommodating Plaintiff's limitations existed in the national economy since May 2004[3].

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of

---

[2]Contrary to Plaintiff's assertion, the record is far from clear regarding her entitlement to disability benefits. The claimant's activities of daily living were inconsistent with an individual experiencing totally debilitating pain. For instance, the ALJ noted that Plaintiff was able to drive, shop, cook, perform light housekeeping, and care for her sister (TR 28-29). Moreover, claimant's ability to work as a part-time teacher shows that reasonable minds could differ as to whether she was as limited as she alleged.

[3]The remand will also allow the ALJ to consider additional medical records, which were submitted to the Appeals Council only.

any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                          s/Donald A. Scheer
                                                          DONALD A. SCHEER
                                                          UNITED STATES MAGISTRATE JUDGE
DATED: November 26, 2008

_____

## CERTIFICATE OF SERVICE

     I hereby certify on November 26, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on November 26, 2008: **None.**

                                                          s/Michael E. Lang
                                                          Deputy Clerk to
                                                          Magistrate Judge Donald A. Scheer
                                                          (313) 234-5217